E-FILED
Friday, 18 September, 2026 10:34:14 AM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

TIANA SMITH,
Plaintiff,

v.

NATHAN THOMAS, *et al.*,
Defendants.

Case No. 3:26-cv-03196-JEH

**Merit Review Order**

Plaintiff, proceeding *pro se* and incarcerated at Logan Correctional Center ("Logan"), filed a Complaint under 42 U.S.C. § 1983 alleging violations of her constitutional rights. (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

**I**

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**II**

Plaintiff files suit against Defendants Majors Nathan Thomas, Stephen Kretschmer, Myron Neisler, and Scott Gregory, Lieutenants Seth Bromwell,

Jeremy Vinson, Derek Lohrenz, Elaine Worth, Ade Ajagbe, Michael Baker, Kiley Everett, and Dawn Silas, Warden Michael Long, Assistant Wardens Jason Lawrence and Cammi Pierce, Director Latoya Hughes, Sergeant Darrell Constant, Governor J.B. Pritzker, Clinical Service Counselor Anthony Danosky, and Dr. Marlene Henze.

Plaintiff's Complaint includes a variety of allegations against twenty different Defendants. For example, Plaintiff alleges Defendant Constant placed her on an illegal suicide watch on October 14, 2025, and turned the water and toilet off in her cell for hours. On May 20, 2026, Defendants Bromwell, Constant, and Everett allegedly used excessive force against her. Plaintiff claims Defendant Lorenz denied her a shower and a phone call on December 12, 2026. Plaintiff's Complaint also includes other allegations against the remaining Defendants.

Plaintiff's claims are not properly joined in one lawsuit. Unrelated claims against the same Defendant may be joined in one action, but different Defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits….").

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, her case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, her case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

*It is so ordered.*

Entered: September 18, 2026

s/Jonathan E. Hawley
U.S. District Judge